[*Special Term, November,* 1870.]

## LEWIS STAGG ET AL. v. S. A. HARBESON ET AL.

A decree was entered in which the plaintiff was allowed to redeem mortgaged premises within sixty days. The debt was not paid, and order for sale was issued. On motion to extend the time for redemption thirty days, for reasons shown:

*Held,* that it was in the discretion of the court to grant the motion according to the reasonableness of the case, it appearing that the defendants' security was not imperiled thereby, and the law provides interest as the compensation for the delay.

*Tilden, Stevenson & Goodman,* for plaintiffs.

*McGuffey, Morrill & Strunk,* and *Long & Kramer,* for defendants.

HAGANS, J. This is a proceeding to allow the plaintiffs to redeem certain premises on the north side of Fifth street, 145 feet east of Mound, 90 by 170 feet. A decree was entered in favor of the plaintiffs, finding certain liens on the property and ordering the premises sold.

This decree was entered July 2, 1870, and gave the plaintiffs sixty days in which to pay off the incumbrances. They have not been paid, and on October 15, 1870, an order for sale issued. A motion is now made for the enlargement of the time allowed for the redemption of the premises, thirty days. It appeared, on the hearing, that the plaintiffs have made efforts in good faith both to borrow the money to satisfy the lien-holders, and to sell the premises at private sale. It appeared that there is a possibility of effecting an advantageous sale to the board of education, and so save a supposed loss on forced sale at auction by the sheriff. The statements on this subject are somewhat unsatisfactory. There is no doubt that the property furnishes

abundant security for all the liens on it, so that the only harm that can accrue to the parties is the delay, for which the law furnishes redress in shape of interest.

The application is a novel one. The whole matter rests in the discretion of the court. I feel disposed to allow the party every opportunity to save his property or prevent its sacrifice, consistent with the safety of the debt and the reasonableness of the circumstances.

A delay of thirty days will do no injury to the creditors, beyond what the law provides for, and may be of great advantage to the debtor. It would seem that the discretion of the court ought to lean toward giving the debtor another chance. The other circumstances of the application do not change its propriety.

Motion allowed.